**John Calvin NORMAN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 6-92-023-CR.**

Court of Appeals of Texas, Texarkana.

Dec. 29, 1992.

Fred L. Tinsley, Ross Teter, Dallas, for appellant.

April E. Smith, Asst. Dist. Atty., Dallas, for appellee.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

### OPINION

BLEIL, Justice.

John Norman appeals, alleging that he was improperly sentenced. We find no error and affirm the judgment of the trial court.

Norman had pleaded guilty to the crime of robbery and also to burglary of a building, receiving deferred adjudication on both charges. The State filed a motion to adjudicate his guilt, which was granted. The court then assessed his punishment in both cases upon Norman's plea of true and stipulation of evidence, sentencing Norman to fifteen years' confinement and a fine of $750.00 in this cause.

Norman contends that the trial court erred when, after adjudging Norman guilty of both crimes, the court failed to conduct a separate punishment hearing which would allow him the opportunity to present evidence. Norman's argument rests upon his interpretation of *Issa v. State*, 826 S.W.2d 159 (Tex.Crim.App.1992). In *Issa*, the court of criminal appeals held that a defendant who had received deferred adjudication is entitled to a separate punishment hearing after adjudication of guilt as provided by TEX.CODE CRIM.PROC.ANN. art. 42.-12, § 5(b) (Vernon Supp.1993). The court also allowed *Issa* to raise that complaint despite his failure to raise a contemporaneous objection to the court's failure to hold such a hearing, as required by TEX.R.APP.P. 52(a).

The court noted that the trial court had revoked probation and entered a finding sentencing Issa in a single proclamation and reasoned that Issa had no opportunity to object to the trial court's action until after the action had been taken. Issa first raised this complaint twenty-six days later in his motion for new trial. The court of criminal appeals concluded that "raising his objection in his timely filed motion for new trial did preserve the error for appellate review."

Although *Issa* arguably relaxed the requirement of a contemporaneous objection, the defendant was still required to bring his complaint to the attention of the trial court in some fashion before error was preserved for review. There is no motion for new trial in the present case. This complaint was not brought to the trial court's attention. We are unwilling to extend TEX.R.APP.P. 52(a) so far as to say that a complaint may be raised about a procedural action of the trial court for the first time in a point of error before the court of appeals. No error has been preserved for our review.

The judgment of the trial court is affirmed.