**Isaac Dawayne HALLER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 13–94–387–CR, 13–94–388–CR.**

Court of Appeals of Texas,
Corpus Christi.

Oct. 3, 1996.

Michael E. Sieber, Victoria, Kenneth W. Balusek, Toledo, OH, for appellant.

George J. Filley, III, District Attorney/Victoria County, Brian D. Hendrix, Assistant District Attorney, Victoria, for appellee.

Before SEERDEN, C.J., and YAÑEZ and CHAVEZ, JJ.

## OPINION

YAÑEZ, Justice.

In July 1992, pursuant to a plea bargain, appellant pled nolo contendere to four separate felony offenses (escape, aggravated assault, unlawful possession of a firearm, and tampering with evidence). The trial court followed the plea recommendation, deferred adjudication and placed appellant on probation for ten years in each case. In August 1994, the trial court adjudicated the aggravated assault, unlawful possession, and tampering with evidence cases and sentenced appellant to ten years in prison for each offense. The trial court ordered 1) the tampering-with-evidence sentence to run consecutive to the unlawful-possession sentence, and 2) the unlawful-possession sentence to run consecutive to the aggravated assault sentence. Appellant filed notices of appeal in only the tampering-with-evidence and unlawful-possession convictions. By two points of error, appellant argues that the trial court erred by ordering cumulated sentences. For reasons about to be stated, we dismiss the appeals.

Recently, in *Watson v. State,* 924 S.W.2d 711, 714 (Tex.Crim.App.1996), the Court of Criminal Appeals held that a defendant who exchanged a plea of guilty for a recommendation of deferred adjudication faces the same consequences as any other defendant who pleads guilty pursuant to a plea bargain. One consequence is that the defendant's appeal, when adjudication ultimately occurs, is limited to matters raised by written motion and ruled on before trial, unless the trial judge grants permission to appeal. Another consequence is that the defendant, even if he desires to raise one of the appealable matters, must comply with Texas Rule of Appellate Procedure 40 and include in his notice of appeal that the trial judge granted permission to appeal or that the

errors assigned on appeal were raised by written motion and ruled on before trial. Tex.R.App. P. 40(b)(1).

 In the present cases, appellant's notices of appeal do not comply with Rule 40(b)(1).[1] Moreover, appellant attempts to appeal matters that were not raised by pre-trial motion, and appellant did not receive the trial court's permission to appeal. Thus, we may not address the complaints raised. *See Rhem v. State*, 873 S.W.2d 383, 384 n. 2 (Tex.Crim.App.1994); *Lyon v. State*, 872 S.W.2d 732, 736 (Tex.Crim.App.1994); *Davis v. State*, 870 S.W.2d 43, 46 (Tex.Crim.App. 1994).

While we are barred from addressing the merits of appellant's complaints because he neither raised them pretrial nor obtained the trial court's permission to appeal, we point out that the matters may be raised through post-conviction writ of habeas corpus. *See* TEX.CODE CRIM. PROC. ANN. art. 11.07 (Vernon Supp.1996).

 We recognize that a defendant may not, pursuant to a plea agreement, agree to terms of punishment which are not otherwise authorized by law. *Ex parte Sims*, 868 S.W.2d 803 (Tex.Crim.App.1993). For example, in *Sims*, the defendant agreed to accept cumulated sentences when, by operation of Tex. Penal Code Ann. § 3.03, cumulated sentences were absolutely prohibited. *Id.* at 804. The Court of Criminal Appeals, by way of post-conviction writ, vacated Sims' two murder convictions because specific performance of the bargained-for consecutive sentences could not be obtained. Appellant's complaint is essentially the same as Sims' complaint, except that appellant never agreed to cumulated sentences.

If the facts show that appellant's two offenses in question were a part of the same criminal episode, the trial court was not permitted to cumulate the sentences. *Sims*, 868 S.W.2d at 804; TEX. PENAL CODE ANN. § 3.03 (Vernon 1994). But for the recent holding of *Watson*, we would be able to address the merits of appellant's complaint, and this case

may be an example of why, in our opinion, *Watson* was decided too broadly.

We also note that the record in this case reveals few facts about the actual offenses themselves, i.e., whether they were a part of the same criminal episode, because the convictions are supported by bare-boned judicial confessions. Accordingly, the better avenue for relief is through habeas corpus.

For the reasons stated above, the appeals are dismissed. *Watson*, 924 S.W.2d at 715.

SEERDEN, Chief Justice, concurring.

I agree with the disposition of this case; however, I write separately because I prefer not to express an opinion with regard to the wisdom of *Watson v. State*, 924 S.W.2d 711 (Tex.Crim.App.1996) or to speculate as to matters not contained in the record of this case.

---

1. Amendment of the notice of appeal to conform to Rule 40(b)(1) is not permitted. *Jones v. State,*

796 S.W.2d 183, 186–87 (Tex.Crim.App.1990).