Edward Davilia **RODRIQUEZ**, Appellant,

v.

**The STATE of Texas, Appellee.**

No. 06–97–00150–CR.

Court of Appeals of Texas, Texarkana.

Submitted April 20, 1998.

Decided June 19, 1998.

---

Todd Steven Dudley, Fort Worth, for appellant.

Sylvia Mandel, District Attorney, Fort Worth, for appellee.

Before CORNELIUS, C.J., and GRANT and ROSS, JJ.

## OPINION

CORNELIUS, Chief Justice.

Edward Davilia Rodriquez appeals the revocation of his deferred adjudication probation. The judgment is affirmed.

On February 18, 1982, Rodriquez entered a plea of nolo contendere to voluntary manslaughter, and the trial court placed him on ten years' deferred adjudication probation. Subsequently, on January 28, 1988, the State filed a petition to proceed to adjudication, in which it alleged that Rodriquez violated his deferred adjudication probation by failing to report and by failing to pay the required fees. The court issued a revocation warrant for the arrest of Rodriquez on January 28, 1988. The State executed the warrant eight years and ten months later, on November 29,

1996. On March 3, 1997, the trial court revoked Rodriquez's deferred adjudication probation and sentenced him to twenty years' imprisonment. At the end of the revocation hearing, the trial court denied Rodriquez's motion to dismiss the motion to revoke probation that was filed before the hearing was held. The trial court did not give Rodriquez permission to appeal. Rodriquez contends that the State did not prove due diligence in apprehending him and bringing him before the trial court for a hearing, thus the trial court erred in revoking his deferred adjudication probation.

■ We must first determine whether we have jurisdiction to consider the appeal. A defendant does not have a constitutional right to appeal his criminal conviction. *Phynes v. State*, 828 S.W.2d 1, 2 (Tex.Crim. App.1992). The right to appeal is a statutory right. *Id.*; *Tillman v. State*, 919 S.W.2d 836, 838 (Tex.App.—Fort Worth 1996, pet. ref'd). Before 1987, the deferred adjudication statute did not expressly authorize an appeal from orders placing defendants on probation without an adjudication of guilt. *Watson v. State*, 924 S.W.2d 711, 713 (Tex.Crim.App. 1996). Additionally, deferred adjudication orders could not be appealed under authority of the general statute allowing appeals from convictions, because a deferred adjudication order was not a conviction. *Id.* The defendant could, however, appeal his conviction under the general statutory provision when he was later found to have violated the conditions of his probation. *Id.* The Texas Court of Criminal Appeals held that this appeal was not restricted by the requirement that the defendant must have the trial court's permission to appeal, or that the issue must have been preserved by a written pretrial motion that was ruled upon. *Id.* (citing *Ex parte Hernandez*, 705 S.W.2d 700, 703 (Tex.Crim. App.1986)).

■ Subsequently, the Texas Legislature enacted Article 44.01(j) of the Texas Code of Criminal Procedure in 1987. That article provides that an appeal may be prosecuted by a defendant where the punishment is assessed in conformance with the deferred adjudication statute. TEX.CODE CRIM. PROC. ANN. art. 44.01(j) (Vernon Supp.1998). The

Texas Court of Criminal Appeals held that this statute allows defendants to appeal the order placing them on deferred adjudication, but that the appeal is restricted by TEX. R.APP. P. 40(b)(1) (Vernon 1997) (now TEX. R.APP. P. 25.2(b)(3)). *Watson v. State*, 924 S.W.2d at 714; *Dillehey v. State*, 815 S.W.2d 623 (Tex.Crim.App.1991). Rodriquez is not appealing the trial court's order placing him on deferred adjudication; rather, he is appealing the trial court's decision to adjudicate guilt based on the claim that the State did not act with due diligence in apprehending him.

The Texas Code of Criminal Procedure expressly denies a defendant the right to appeal from a trial court's decision to adjudicate guilt. Article 42.12, § 5(b) provides:

> The defendant is entitled to a hearing limited to the determination by the court of whether it proceeds with an adjudication of guilt on the original charge. *No appeal may be taken from this determination.* After an adjudication of guilt, all proceedings, including assessment of punishment, pronouncement of sentence, granting of community supervision, and defendant's appeal continue as if the adjudication of guilt had not been deferred.

TEX.CODE CRIM. PROC. ANN. art. 42.12, § 5(b) (Vernon Supp.1998) (emphasis added). This provision expressly denies a defendant the right to appeal from a trial court's determination to adjudicate. *Phynes v. State*, 828 S.W.2d at 2; *Olowosuko v. State*, 826 S.W.2d 940, 941–42 (Tex.Crim.App.1992). Examples of challenges to a trial court's decision to adjudicate include a challenge to the sufficiency of the evidence to support the trial court's adjudication of guilt, a claim of ineffective assistance of counsel at the hearing on the motion to adjudicate, a claim that the conditions of community supervision are too vague, and a claim that a variance exists between the community supervision conditions in the order and those alleged in the motion to adjudicate. *See Phynes v. State*, 828 S.W.2d at 1; *Olowosuko v. State*, 826 S.W.2d at 942 n. 1; *Tillman v. State*, 919 S.W.2d at 838. In addition, Article 42.12, § 5(b) expressly allows an appeal of all proceedings after the adjudication of guilt on the

original charge. *Olowosuko v. State*, 826 S.W.2d at 942. Examples of proceedings after adjudication that may be appealed include the assessment of punishment, including ineffective assistance of counsel at the punishment hearing, and the pronouncement of sentence. TEX.CODE CRIM. PROC. ANN. art. 42.12, § 5(b); *Griffin v. State*, 936 S.W.2d 706, 707 (Tex.App.—Fort Worth 1996, no pet.).

Rodriquez complains that the trial court failed to require the State to prove due diligence in apprehending him after the warrant for his arrest was issued. The Austin Court of Appeals has held that a trial court's due diligence finding at a deferred adjudication hearing may be appealed pursuant to Article 42.12, § 5(b). In *Connolly v. State*, 955 S.W.2d 411, 415 (Tex.App.—Austin 1997, pet. granted) (op. on reh'g), the court looked to prior Texas Court of Criminal Appeals precedent that entertained due diligence appeals from deferred adjudication hearings where the State moved to adjudicate. The court stated:

> Appellate review of the due diligence question is not necessarily inconsistent with the language of section 5(b). The "determination" from which no appeal may be taken is the determination to revoke probation and adjudicate guilt on the ground or grounds alleged in the State's motion. If the adjudication hearing is held after the probationary term has expired and if the defendant raises the due diligence issue, the trial court must decide the question before addressing the merits of the State's motion to revoke and adjudicate. If due diligence is not shown, the trial court should dismiss the State's motion without reaching the merits.

*Id.* at 415. Consequently, it appears that a claim that the State failed to use due diligence in apprehending the defendant may be appealed.

■ Rule 40(b)(1) provides that if a judgment is rendered on a guilty plea or a plea of nolo contendere and the punishment assessed is not greater than the punishment recommended by the prosecutor and agreed to by the defendant, the defendant cannot appeal a nonjurisdictional defect or error occurring prior to the entry of the plea, unless the notice of appeal states that the trial court granted permission to appeal or specifies that those matters were raised by written motion and ruled on before trial. The Texas Court of Criminal Appeals has interpreted this rule to mean that in order for a defendant to appeal from a plea-bargained conviction on a nonjurisdictional ground,[1] he must obtain the trial court's permission to appeal any matter in the case except for those matters raised by written motion and ruled upon before trial. *Lyon v. State*, 872 S.W.2d 732, 736 (Tex.Crim.App.1994); *Davis v. State*, 870 S.W.2d 43, 46–47 (Tex.Crim.App.1994). Moreover, the defendant must truthfully state in a specific notice of appeal that he either had the trial court's permission to appeal or that he raised his point of error by a pretrial written motion. *Payne v. State*, 931 S.W.2d 56, 57 (Tex.App.—Houston [14th Dist.] 1996, pet. ref'd); *McLish v. State*, 916 S.W.2d 27, 28 (Tex.App.—Houston [1st Dist.] 1995, pet. ref'd); *Jacobs v. State*, 903 S.W.2d 848, 850 (Tex.App.—Texarkana 1995, pet. ref'd); *Hutchins v. State*, 887 S.W.2d 207 (Tex.App.—Austin 1994, pet. ref'd). The notice of appeal cannot be amended to add the jurisdictionally required language. *Jones v. State*, 796 S.W.2d 183, 186–87 (Tex.Crim.App.

---

1. Due diligence on the part of the State is not a jurisdictional issue. *Harris v. State*, 843 S.W.2d 34, 35 n. 1 (Tex.Crim.App.1992); *Sessions v. State*, 939 S.W.2d 796 (Tex.App.—El Paso 1997, no pet.); *but cf. Holtzman v. State*, 866 S.W.2d 728 (Tex.App.—Houston [14th Dist.] 1993, pet. ref'd). A trial court has jurisdiction to revoke probation after the probationary period expires if the motion to revoke was filed and the capias was issued before the period expired. *Harris v. State*, 843 S.W.2d at 35 n. 1. These two requirements are the only jurisdictional requirements.

*Id.* As the Texas Court of Criminal Appeals stated:

> [T]he "due diligence" requirement is really in the nature of a plea in bar or defense which must be raised by the probationer. Jurisdiction is therefore contingent upon the establishment of only the first two requirements listed above [that the motion was filed and the capias was issued before the expiration of the period]. Any language to the contrary in prior decisions of this Court is disavowed.

*Id.* at 36 n. 1.

1990); *Haller v. State*, 933 S.W.2d 262, 263 (Tex.App.—Corpus Christi 1996, no pet.).

Rodriquez filed two notices of appeal. The second notice was a general notice that cannot confer jurisdiction on this court. The first notice of appeal is a specific notice of appeal, and it states that the trial court granted Rodriquez permission to appeal pursuant to Rule 40(b)(1). The record, however, shows that Rodriquez did not have the trial court's permission to appeal. Indeed, when Rodriquez submitted a request for permission to appeal, the trial court circled "denied" and then signed it. Thus, we do not have jurisdiction to consider Rodriquez's appeal because he did not have permission of the trial court to appeal, and he stated no other jurisdictional basis in his notice of appeal.

 For those limited issues that may be appealed from a hearing at which a trial court decides to adjudicate and does adjudicate guilt, Texas courts have consistently held that a defendant must comply with Rule 40(b)(1). *Brown v. State*, 943 S.W.2d 35, 41 (Tex.Crim.App.1997); *Watson v. State*, 924 S.W.2d 711; *Okigbo v. State*, 960 S.W.2d 923 (Tex.App.—Houston [1st Dist.] 1998, pet. ref'd); *Smith v. State*, 957 S.W.2d 571, 574–75 (Tex.App.—Dallas 1997, no pet. h.); *Ervin v. State*, 955 S.W.2d 416, 417–18 (Tex.App.—San Antonio 1997, pet. granted); *Moss v. State*, 938 S.W.2d 186, 189 (Tex. App.—Austin 1997, pet. ref'd); *Haller v. State*, 933 S.W.2d at 263; *Niles v. State*, 931 S.W.2d 714, 715 (Tex. App—Fort Worth 1996, no pet.); *Carothers v. State*, 928 S.W.2d 315, 317 n. 1 (Tex.App.—Beaumont 1996, pet. ref'd). In *Watson*, the Texas Court of Criminal Appeals stated that the limitations of Rule 40(b)(1) apply when a defendant is placed on deferred adjudication community supervision pursuant to a plea agreement, even when the defendant is subsequently adjudicated guilty and sentence is imposed without a second plea agreement. *Watson v. State*, 924 S.W.2d at 714. The court also noted that the limitations of Rule 40(b)(1) do not apply to a case where the punishment assessed exceeds the punishment recommended by the prosecutor and agreed to by the defendant and his attorney. *Id.* If a defendant pleads guilty or nolo con-

tendere in exchange for the prosecution's recommendation that he receive deferred adjudication, a trial court does not exceed that recommendation if he later assesses any punishment within the range allowed by law upon proceeding to adjudication. *Id.* This is because the defendant necessarily accepts, in the absence of an agreement to the contrary, that the prosecutor is making no recommendation at all concerning the term of years he may be required to serve if his probation is later revoked and the trial court proceeds to adjudication. *Id.* However, where a prosecutor does make a promise to recommend a certain punishment upon adjudication and the trial court assesses a punishment larger than that promised by the prosecutor, Rule 40(b)(1) does not apply to his appeal. *Ervin v. State*, 955 S.W.2d at 418–19. The Texas Court of Criminal Appeals has recently affirmed this proposition in *Brown v. State*, 943 S.W.2d at 41. The court stated in *Brown*, "A defendant who bargains for deferred adjudication is considered a plea-bargaining defendant under Rule 40(b)(1) regardless of the amount of punishment assessed upon adjudication." *Id.* In the recent case of *Happ v. State*, the Fort Worth court held that a defendant who appeals from an adjudication after deferred adjudication on the ground of due diligence must comply with the requirements of Rule 40(b)(1). *Happ v. State*, 958 S.W.2d 474 (Tex.App.—Fort Worth 1997, no pet. h.).

Rodriguez argues that this Court has jurisdiction to entertain his appeal due to the Texas Court of Criminal Appeals decision in *Feagin v. State*, 967 S.W.2d 417 (Tex.Crim. App.1998), despite his failure to follow Rule 40(b)(1). In *Feagin*, the court held that a defendant who pleads guilty or nolo contendere in exchange for the prosecution's recommendation that he be placed on regular community supervision is not limited by Rule 40(b)(1) when he appeals the subsequent revocation of his community supervision when that revocation is not based upon a second plea bargain agreement. *Id.* Although the court did not distinguish Feagin's right to appeal her community supervision revocation without the limitations of rule 40(b)(1) from a defendant's right to appeal an adjudication of guilt after being placed on deferred adjudica-

**140**

tion, there is good reason to do so. First, an appeal from a community supervision revocation should be treated differently from an appeal from a hearing to adjudicate a defendant placed on deferred adjudication. As the Dallas court of appeals stated in *Feagin:*

> In a deferred adjudication case, a defendant has the right to only a limited appeal of an order deferring adjudication of guilt.... It is only after the adjudication of guilt that an appellant may appeal most issues relating to the proceedings. This appeal is limited by rule 40(b)(1).
>
> On the other hand, in a case involving "regular" probation, at the time the trial court finds the defendant guilty and orders the probation, the defendant has the right to appeal the conviction and sentence. This appeal is subject to rule 40(b)(1). In the event probation is later revoked, a defendant may appeal the probation revocation. The defendant may appeal from the revocation even if he previously waived the right to appeal his conviction. This appeal is limited, however, to the propriety of the revocation. The defendant may not challenge the original trial. The revocation appeal is separate from the defendant's right to appeal from his conviction.

*Feagin v. State,* 1996 WL 730579 *2 (Tex. App.—Dallas Dec.5, 1996), *aff'd,* 967 S.W.2d 417 (Tex.Crim.App.1998) (citations omitted) (not designated for publication). Second, to hold that a defendant is not limited by Rule 40(b)(1) on his appeal from an adjudication of guilt after being placed on deferred adjudication would be contrary to *Watson, Brown,* and all of their progeny. Therefore, we hold that Rule 40(b)(1) does apply to Rodriguez's appeal from the trial court's decision to adjudicate.

■ If a defendant is precluded from making a direct appeal because he is either challenging the trial court's decision to adjudicate or he did not appeal in compliance with Rule 40(b)(1), he has two other options. First, under limited circumstances, he can file a mandamus proceeding with the court of appeals requesting that the trial court be required to give him permission to appeal. *Broggi v. Curry,* 571 S.W.2d 940, 941 (Tex. Crim.App.1978); *Smith v. State,* 957 S.W.2d

at 575. Second, he can file a post-conviction habeas corpus proceeding. *See* TEX.CODE CRIM. PROC. ANN. art. 11.07 (Vernon Supp. 1998); *Haller v. State,* 933 S.W.2d at 263. Rodriquez has done neither of these.

■ Rodriquez argues that denying him the right to appeal pursuant to these rules and statutes violates his state and federal due process rights. Specifically, Rodriquez states,

> This retroactive application would abridge the obvious right the appellant had regarding an appeal after an adjudication of guilt that existed in 1982 when his plea was made. And [it would] be a violation of the appellant's due process rights as provided by the Tex. Const. Art I–19 and U.S. Const. Amend V.

First, Rodriquez does not argue, brief, or cite to any authority to support this proposition. He does not make a traditional due process argument analysis. He only makes general constitutional challenges to the application of Rule 40(b)(1)'s restricted appeal provision to him, and he inadequately briefs those challenges. Thus, Rodriquez has waived his complaint in this regard. *Heiselbetz v. State,* 906 S.W.2d 500, 512 (Tex.Crim.App.1995).

The appeal is dismissed for lack of jurisdiction.