Edward Davilia[1] RODRIQUEZ,[2] Appellant,

v.

The STATE of Texas.

No. 1281–98.

Court of Criminal Appeals of Texas, En Banc.

April 28, 1999.

---

1. There is some dispute as to the correct spelling of appellant's middle name. Appellant's discretionary review petition spells it as "Davilla." Appellant's brief spells it as "Davilia." The State's brief spells it is as "Davila." The Court of Appeals' opinion spells it as "Davilia." *Rodriquez v. State,* 972 S.W.2d 135 (Tex.App.—Texarkana 1998). We use the spelling used in the Court of Appeals' opinion.

2. There is also some dispute as to the correct spelling of appellant's surname. Appellant's discretionary review petition and brief spell it as "Rodriguez." The State's brief spells it as "Rodriquez." The Court of Appeals' opinion spells it as "Rodriquez." *Id.* We use the spelling used in the Court of Appeals' opinion.

**484**

Todd S. Dudley, Austin, for appellant.

Sylvia Mandel, Asst. Dist. Atty., Fort Worth, Matthew Paul, State's Atty., Austin, for the State.

## O P I N I O N

McCORMICK, P.J., delivered the opinion of the Court, in which MANSFIELD, KELLER, WOMACK and KEASLER, JJ., joined.

After appellant pled nolo contendere to voluntary manslaughter, the trial court placed him on ten years' deferred adjudication probation. The trial court subsequently adjudicated appellant guilty of the voluntary manslaughter offense and sentenced him to twenty years' confinement.

Appellant filed a direct appeal from the adjudication proceeding claiming the State failed to use due diligence in apprehending him and bringing him before the trial court for a hearing. The Court of Appeals dismissed the appeal for lack of jurisdiction because, among other things, appellant's general notice of appeal failed to vest the Court of Appeals with jurisdiction over appellant's appeal. *Rodriquez,* 972 S.W.2d at 139.

We granted appellant's discretionary review petition to review this decision. Although we disagree with the Court of Appeals' reasoning, we agree with its ultimate holding that it lacked jurisdiction over appellant's appeal based on our recent decision in *Connolly v. State,* 983 S.W.2d 738, 741, (Tex.Cr.App.1999).

The judgment of the Court of Appeals is affirmed.

MANSFIELD, J., filed a concurring opinion in which KELLER, J., joined.

JOHNSON, J., filed a dissenting opinion in which MEYERS, PRICE and HOLLAND, JJ., joined.

MANSFIELD, J., delivered the concurring opinion in which KELLER, J., joined.

I join the opinion of the Court, affirming the judgment of the Court of Appeals. I write further to express my support for the position expressed by Judge Keller in her concurring opinion in *Connolly v. State,* 983 S.W.2d 738 (Tex.Crim.App. 1999) that the Legislature has not imposed on the State an obligation to exercise "due diligence" in apprehending an individual whose probation it seeks to revoke.

Nowhere in the Code of Criminal Procedure is there set forth any requirement that the State must do certain things or undertake certain actions to execute promptly a warrant for the arrest of a probationer alleged to have violated the conditions of his probation. Whether we should impose such a requirement in the absence of any legislative directive is a question we should not answer unless and until the appropriate case comes before us.

JOHNSON, J., filed a dissenting opinion, in which MEYERS, PRICE and HOLLAND, J.J., joined.

I respectfully dissent. In 1982, appellant entered a plea of nolo contendere to voluntary manslaughter, and the trial court placed him on deferred adjudication probation for ten years. In 1988, the State filed a motion to adjudicate, based on alleged violations of probation. A warrant

was issued for appellant's arrest at that time, but appellant was not arrested until 1996, eight years later, and fourteen years after the original disposition. In March 1997, the trial court adjudicated appellant guilty and sentenced him to twenty years confinement. Appellant filed two notices of appeal. The first was a specific notice of appeal, stating that the trial court granted permission to appeal; the second was a general notice of appeal. However, the record also showed that the trial judge denied appellant's permission to appeal. The Court of Appeals dismissed for lack of jurisdiction because appellant's notice of appeal was not sufficient. *Rodriquez v. State*, 972 S.W.2d 135 (Tex.App.Texarkana 1998). We granted appellant's petition for discretionary review on the ground that "[t]he Court of Appeals erred in finding that the general notice of appeal was insufficient to give the Court of Appeals jurisdiction over an [sic] non–negotiated adjudication hearing."

Now, however, the majority affirms the judgment of the Court of Appeals on the basis of our recent decision in *Connolly v. State*, 983 S.W.2d 738 (Tex.Crim.App. 1999). I joined Judge Meyers's dissent in that case, and I continue to believe that *Connolly* was wrongly decided.

In *Connolly*, we held that, pursuant to TEX.CODE CRIM. PROC. art. 42.12, § 5(b), a defendant whose deferred adjudication community supervision was revoked after his supervisory term had expired could not appeal the trial court's finding of due dili-

gence on the part of the State in apprehending him and having the revocation hearing. *Id.* at 741. In doing so, the majority purported to rely on several precedents from this Court. It cited one of these, *Harris v. State*, 843 S.W.2d 34, (Tex. Crim.App.1992), for the proposition that the issue of due diligence was really in the nature of a plea in bar or defense which must be raised by a defendant at the revocation hearing. *Connolly*, 983 S.W.2d at 741. In *Harris*, we did say that the due-diligence requirement is in the nature of a plea in bar or defense, but we said so *in the context of preservation of the trial court's jurisdiction to revoke probation after expiration of the probationary period. Harris*, 843 S.W.2d at 35 & n. 1.[1] We also said that "[t]he burden is on the State to show diligence in apprehending the probationer and hearing the allegations in the motion once the issue is raised by the probationer." *Id.* at 35 (citations omitted). We went on to decide that the State did not exercise due diligence in apprehending the probationer. *Id.* at 36. Our statement as to the nature of the due-diligence requirement was not dispositive of the case and in no way altered our prior holdings on the appealability of the due-diligence issue. If the prior holdings had been altered, we would have been required to dismiss the appeal in *Harris* for lack of jurisdiction.

The Court of Appeals in *Connolly* rejected the State's assertion that *Harris*

---

1. In the footnote, we said:

In both *Langston* and *Prior* the Court held a trial court has jurisdiction to revoke probation after the probationary term has expired if three requirements were met, *viz:* (1) a motion alleging a violation of probationary terms was filed prior to expiration of the period, (2) a capias or arrest warrant issued prior to expiration of the period, and (3) the State exercised due diligence in apprehending and in hearing and determining the allegations in the motion. *Prior*, 795 S.W.2d at 184; *Langston*, 800 S.W.2d at 554. Thus, we have considered due diligence as necessary for the trial court's jurisdiction to revoke probation af-

ter expiration of the probationary period. *See discussion* in *Rodriguez*, 804 S.W.2d at 519–521 (Teague, J., dissenting). As Judge Benavides noted in the court of appeals' opinion in *Rodriguez v. State*, 784 S.W.2d 582 (Tex.App.—Corpus Christi 1990), the "due diligence" requirement is really in the nature of a plea in bar or defense which must be raised by the probationer. Jurisdiction is therefore contingent upon the establishment of only the first two requirements listed above. Any language to the contrary in prior decisions of this Court is disavowed.

*Harris*, 843 S.W.2d at 35–36 n. 1.

had in any way altered the fundamental nature of those cases and correctly applied *Harris* and the previous cases. *Connolly v. State,* 955 S.W.2d 411, 415 (Tex.App.— Austin 1997) (on motion for rehearing), *rev'd,* 983 S.W.2d 738 (Tex.Crim.App.1999). Yet, while purporting to follow *Harris,* a majority of this Court reversed the Court of Appeals. Without explanation or even acknowledgment of what it was doing, the majority used a simple restatement which is *dicta* in regard to the issue of due diligence to reject the central holding of *Harris.*[2] Because I continue to believe that *Connolly* was wrongly decided, and for the reasons stated above, I respectfully dissent.

---

**2.** On remand, the Court of Appeals noted that this court had "disavowed its earlier opinions on which we relied and concluded that the due diligence points should have been dismissed without reaching their merits." *Con-* *nolly v. State,* No.03–97–00182–CR, 1999 WL 143829 (Tex.App. -Austin March 18, 1999, no pet. h.) (not designated for publication), 1999 WL 143829.