NUMBERS 13-98-378-CR AND 13-98-366-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


___________________________________________________________________


JOHNNY PEREZ, Appellant,


v.



THE STATE OF TEXAS, Appellee.

___________________________________________________________________


On appeal from the 156th Judicial District Court


of Bee County, Texas.


___________________________________________________________________


O P I N I O N



Before Justices Hinojosa, Yañez, and Rodriguez


Opinion by Justice Yañez





 In this consolidated appeal,(1) appellant Johnny Perez challenges
the trial court's denial of motions to withdraw his plea of guilty to a
murder charge and plea of "true" to a motion to revoke deferred
adjudication community supervision, based on his allegation that the
State breached its plea agreement. We affirm the trial court's judgment
in both causes. 

 In 1993, Perez pleaded guilty to burglary of a habitation.(2) The trial
court accepted his open plea of guilty, deferred adjudication of guilt, and
placed him on ten years deferred-adjudication community supervision
with a fine of $1,000. The trial court amended the conditions of Perez's
community supervision several times over the next several years.(3) 

 In 1997, Perez was arrested for the offense of murder.(4) On April
2, 1998, a jury found him guilty and the trial court sentenced him to
fifty years in the Institutional Division of the Texas Department of
Criminal Justice. Thereafter, pursuant to a plea agreement, Perez
agreed to plead guilty, waive his right to appeal, and testify in the
murder trial of his co-defendant, Juan Casas, in exchange for a
reduction of his murder sentence from fifty to twenty-five years. In
early May, Perez testified in the murder trial of Juan Casas as agreed. 
Following the granting of Perez's unopposed motion for new trial, the
parties filed a plea agreement on May 21, 1998. The agreement
reflected the terms agreed to by the parties, and in accordance with the
agreement, the trial court sentenced Perez to twenty-five years. The
plea agreement is silent as to any disposition of the burglary offense.

 On April 2, 1998, the State filed a motion to revoke Perez's
community supervision in the burglary charge, alleging he had violated
terms of his community supervision by committing murder. On May
28, 1998, at the revocation hearing, Perez pleaded "true" to the
allegation. The State recommended revocation of Perez's community
supervision, adjudication of guilt, and a sentence of twenty years, to be
served concurrently with the twenty-five-year murder sentence. The
trial court,(5) however, declined to follow the State's recommendation,
and imposed a twenty-five-year sentence for the burglary offense, to be
served consecutively with the murder sentence.




 Perez filed a motion to withdraw his guilty plea in the murder case
and the trial court held a hearing on June 11, 1998. Perez's counsel
testified that he represented Perez on the murder charge, but not on the
burglary charge, and that his plea negotiations with the State on
Perez's behalf did not involve the burglary offense. He testified that
Perez had, however, relied on the State's agreement to a twenty-five-year sentence in exchange for his testimony, and that the twenty-five-year "stacked" sentence imposed by a different judge in the burglary
case was unfair. The State noted it had recommended a twenty-year
concurrent sentence on adjudication for the burglary offense, and
argued that it had not violated the agreement. The State argued that
the judge's decision to impose a longer "stacked" sentence in the
burglary case was "not within [its] control." At the conclusion of the
hearing, the trial court overruled Perez's motion to withdraw his plea of
guilty to murder.

 A week later, on June 18, 1998, a hearing was held on Perez's
motion for reconsideration of sentence in the burglary case. Perez's
counsel (in the murder case) appeared and argued that his client was
entitled to a concurrent sentence, based on his agreement with the
State in the murder case, and that imposition of the "stacked" sentence
"breached" the agreement. After determining that the plea agreement
in the murder case contains no provision or reference to the motion to
revoke in the burglary case, the court denied Perez's motion for
reconsideration.




 Perez contends the trial courts erred in: (1) denying his motions to
withdraw his pleas because the pleas were involuntary due to breach
of the agreement; (2) denying his motions for specific performance of
the plea agreement; and (3) imposing a "stacked" sentence in the
burglary case, based on the court's opinion that his sentence in the
murder case was too lenient compared to the sentence his co-defendant
received. He also claims the errors were "made more egregious" by the
fact that the prosecutor in the burglary case had earlier represented
Perez in that case.(6) Finally, he claims error because of a May 6, 1998
change in district court policy (after Perez had testified), which stated
that in revocation of community supervision cases, the courts would
not be bound by "plea-bargains," and would not any longer allow a
plea-bargaining defendant to withdraw a plea of "true" if the court 
failed to follow such a "bargain." 

 The State contends we do not have jurisdiction to address this
appeal under Texas Rule of Appellate Procedure 25.2(b)(3). The State
asserts Perez's general notice of appeal is insufficient because it fails to
specify that the appeal is for a jurisdictional defect, that the substance
of the appeal was raised by written motion and ruled on before trial, or
that the trial court granted permission to appeal. See Tex. R. App. P.
25.2(b)(3). 



Cause No. 13098-378-CR: Plea of Guilty to Murder 


 We begin by addressing the State's argument that we do not have
jurisdiction to address the denial of Perez's motion to withdraw his plea
of guilty in the murder case.

 Perez's motion to withdraw his plea of guilty, denied by the trial
court, stated, in relevant part:

 As to the Murder plea of guilty, the defendant did not
knowingly and understandingly enter his plea of guilty. He
had been promised by the State, and assured by the
undersigned attorney, at the time of his plea, that the District
Attorney would honor his promises to the accused, and that
the District Attorney or his assistants would make sure
Defendant's sentences did not exceed twenty-five (25) years.


 We construe Perez's claim to be that his guilty plea to murder was
involuntary because the state breached its plea agreement. 

 Rule 25.2(b)(3) provides that a defendant who pleads guilty or nolo
contendere pursuant to a plea agreement must provide notice to appeal
the judgment. To appeal, a defendant is required to specify in his notice
of appeal that (1) the appeal is for a jurisdictional defect; (2) the
substance of the appeal was raised by written motion and ruled on
before trial; or (3) the trial court granted permission to appeal. See Tex.
R. App. P. 25.2(b)(3) (formerly rule 40(b)(1)).






 Perez's notices of appeal(7) do not contain the extra-notice
requirements of rule 25.2(b)3). Thus, he filed only general notices of
appeal. See Davis v. State, 870 S.W.2d 43, 46 (Tex. Crim. App. 1994).

 In interpreting former rule 40(b)(1), the court of criminal appeals
has held that an appellant has the substantive right to appeal the
voluntariness of his plea. See Flowers v. State, 935 S.W.2d 131, 134
(Tex. Crim. App. 1996). There is a split of authority among courts of
appeals on whether rule 25.2(b)(3) partially overruled Flowers. See,
e.g., Davis v. State, 7 S.W.3d 695, 696 (Tex. App.--Houston [1st Dist.
1999, pet. ref'd) (holding voluntariness claims permissible through
general notice of appeal); Moore v. State, 4 S.W.3d 269, 272 (Tex.
App.--Houston [14th Dist.] 1999, no pet.) (same); Lowe v. State, 997
S.W.2d 670, 672 n.2 (Tex. App.--Dallas 1999, no pet.) (same); Minix v.
State, 990 S.W.2d 922, 923 (Tex. App.--Beaumont 1999, pet. ref'd)
(same); Price v. State, 989 S.W.2d 435, 437-38 (Tex. App.--El Paso
1999, pet. ref'd) (same); Hernandez v. State, 986 S.W.2d 817, 820 (Tex.
App.--Austin 1999, pet. ref'd) (same); Luna v. State, 985 S.W.2d 128,
129-30 (Tex. App.--San Antonio 1998, pet. ref'd) (same); Vidaurri v.
State, 981 S.W.2d 478, 479 (Tex. App.--Amarillo 1998, pet. granted)
(same); Session v. State, 978 S.W.2d 289, 291-92 (Tex. App.--Texarkana 1998, no pet.) (same); Johnson v. State, 978 S.W.2d 744,
745-46 (Tex. App.--Eastland 1998, no pet.) (same).

 By contrast, the Fort Worth and Waco courts have held that rule
25.2(b)(3) overrules Flowers. See Villanueva v. State, 977 S.W.2d 693,
695-96 (Tex. App.--Fort Worth 1998, no pet.); Long v. State, 980
S.W.2d 878, 878 (Tex. App.--Fort Worth 1998, no pet.); Elizondo v.
State, 979 S.W.2d 823, 824 (Tex. App.--Waco 1998, no pet.). 

 We believe the majority of the courts of appeals have correctly
permitted voluntariness challenges through general notices of appeal. 
We hold that voluntariness of a plea may be raised by general notice of
appeal and thus conclude that we have jurisdiction to address the
merits of Perez's voluntariness claim regarding his guilty plea.

 Although we have jurisdiction to address Perez's complaint, we
find it is without merit. Perez argues his plea of guilty was involuntary
because the State "breached" its plea agreement. Similarly, he argues
he is entitled to specific performance of the "breached" plea agreement. 


 The plea agreement provides for a twenty-five-year sentence in
exchange for Perez's testimony. Perez received a sentence of twenty-five years in accordance with the agreement. It is undisputed that the
agreement makes no reference to the motion to revoke in the burglary
charge. The agreement contains a section designated "disposition to
run concurrent with cause #(s)_____;" the space next to the designation
is blank. Moreover, Perez's counsel admits he "never negotiated with
[the State] in any way" about the burglary case. Perez offers no
evidence that the agreement was intended to include the burglary
offense. Perez's own testimony (on cross-examination at Casas's trial)
further indicates there was no agreement concerning the burglary
charge:

Q [by Casas's counsel]: You're not even worried about these
probations you're on; is that right? You got a deal with the
State on those?


A [Perez]: On the probations?


Q: Yeah.


A: No, sir, as far as I know they're going to be revoked.


Q: So you might get on top of the 50 or the 25 an additional
20 years?


A: I could. 


 When a trial court accepts a plea agreement, its terms then
become binding upon the parties. See Ex parte Williams, 758 S.W.2d
785, 786 (Tex. Crim. App. 1988). A party to an agreement has no
contractual rights to demand specific performance over terms not
appearing in the agreement or record. Id. We hold that the plea
agreement in trial court cause number B-97-2122-2-CR-B was not
breached, and that Perez's plea of guilty to the offense of murder was
not involuntary. We overrule Perez's first and second points.

Cause No. 13-98-366-CR; Revocation of 


Deferred Adjudication Community Supervision in Burglary Offense



 In his third issue, Perez contends the trial court erred in imposing
a twenty-five-year consecutive sentence upon adjudication of guilt in
the burglary of habitation case. Perez argues the judge erred by failing
to follow the State's recommendation for punishment and by stating he
had presided over the trial of Perez's co-defendant and had heard
Perez's testimony in that case. At the revocation hearing, the following
exchange took place:

[Court]: Then anything else from the defense?


[Perez's counsel]:(8) No.


[Court]: Is there a recommendation?


[the State]: There is, Your Honor. State would recommend
the Defendant's community supervision be revoked and
adjudicated guilty for the offense for which he's on probation
and sentenced to 20 years Texas Department of Corrections,
Institutional Division, that sentence to run concurrent with
the sentence currently been [sic] imposed against him in
Cause Number B-97-2122-2-CR-B.


[Perez's counsel]: That is my understanding, Your Honor. 
This is the recommendation that we both made.


[Court]: I'm not going to follow that recommendation. Mr.
Perez, I heard you testify in the Casas case.

 

[Perez]: Yes, sir.


[Court]: And I watched Mr. Casas get a life sentence in that
case.


[Perez]: Yes, sir.


[Court]: And I'm aware that you got a reduction in your
sentence for your assistance in that case.


[Perez]: Yes, sir.


[Court]: But that was that case, and this is this case.


[Perez]: Yes, sir, I understand.


[Court]: I'm going to revoke your community supervision, I'm
setting your punishment at 25 years in the Institutional
Division, but it's going to be stacked on top of the sentence
you're currently serving. You understand?


[Perez]: Yes, sir, I understand. 

. . . .


[Perez]: So that means that I will have to be eligible for
parole on one and then serve time?


[Court]: I don't really know how they work it, you're going to
have to get freed up on your first one before you start
serving time on this one.


[Perez]: That's fine.


 Neither the State nor the lawyer representing Perez objected to the
judge's comments or the sentence.

 Perez contends the imposition of a twenty-five-year consecutive
sentence "annulled" his plea agreement. The record reflects no
evidence of a separate plea agreement in the burglary case and no
evidence that the plea agreement in the murder case was intended to
encompass disposition of the burglary case.(9)

 Texas Code of Criminal Procedure article 42.12, section 5(b)
expressly denies a defendant the right to appeal from a trial court's
determination to adjudicate. See Tex. Code Crim. Proc. Ann. art. 42.12,
§ 5(b) (Vernon Supp. 2000); Olowosuko v. State, 826 S.W.2d 940, 941-42 (Tex. Crim. App. 1992). Article 42.12, section 5(b) expressly allows,
however, an appeal of all proceedings after the adjudication of guilt on
the original charge. See Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b)
(Vernon Supp. 2000); Olowosuko, 826 S.W.2d at 942. Examples of
proceedings after adjudication that may be appealed include the
assessment of punishment and the pronouncement of sentence. Tex.
Code Crim. Proc. Ann. art. 42.12, § 5(b) (Vernon Supp. 2000);
Rodriquez v. State, 972 S.W.2d 135, 138 (Tex. App.--Texarkana 1998),
aff'd on other grounds, 992 S.W.2d 483 (Tex. Crim. App. 1999).

 Perez complains of the trial court's rejection of the sentence jointly
recommended by his lawyer and the State, and the court's decision to
impose a twenty-five-year consecutive sentence based on Perez's
testimony in his co-defendant's trial. Thus, Perez complains of
proceedings after adjudication of guilt, which may be appealed. See
Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b) (Vernon Supp. 2000);
Olowosuko, 826 S.W.2d at 942.

 Perez was adjudicated guilty of burglary of a habitation, a first
degree felony. See Tex. Pen. Code Ann. § 30.02 (Vernon Supp. 2000). 
The range of punishment applicable for a first degree felony is life or five
to ninety-nine years in prison, with a maximum fine of $10,000. See
Tex. Pen. Code Ann. § 12.32 (Vernon 1994). Perez received a twenty-five-year sentence, to run consecutively with the sentence imposed in
the murder case, a punishment well within the range applicable to the
offense for which he was convicted. Perez cites no authority for
his "opinion" that the court's comments concerning the decision to
reject the recommended sentence constituted "reversible error." 
Insufficiently briefed points of error present nothing to review. See
McDuff v. State, 939 S.W.2d 607, 613 (Tex. Crim. App. 1997). We
overrule Perez's third issue. 

 In his fourth issue, Perez contends the errors were made more
egregious by the actions of the prosecutor and the local Board of
Judges. He first complains that Martha Warner, a State prosecutor
involved in revoking his deferred adjudication community supervision in
the burglary case, had earlier represented him in that same burglary
case. The record reflects that Warner represented Perez in February
1993, when he initially pled guilty and was placed on deferred
adjudication community supervision for the burglary offense. On March
16, 1995, following her appointment as Assistant District Attorney for
Bee County, Warner filed a motion to withdraw as Perez's counsel,
which was granted. 

 We find no indication that Perez ever objected to Warner's
involvement in the burglary case. As a prerequisite to presenting a
complaint for appellate review, the record must show that the complaint
was made to the trial court by a timely request, objection, or motion. 
See Tex. R. App. P. 33.1(a)(1); Keith v. State, 975 S.W. 2d 433, 433-34
(Tex. App.--Beaumont 1998, no pet.). The record before us does not
show that Perez made any such objection to the trial court, and the
alleged error was not preserved for review. 

 Finally, Perez complains of a May 6, 1998 change in district court
policy, whereby the local Board of Judges for the district courts,
including the 156th District Court, announced that in revocation of
community supervision cases, the courts would not be bound by "plea-bargains," and that if a court exceeded a punishment recommendation
made by the State, a plea-bargaining defendant would not be permitted
to withdraw a plea of "true." Because we have concluded that no plea
bargain existed in Perez's burglary case, the courts' change in policy
regarding plea bargains in revocation cases had no effect on Perez's
case, and we decline to address his claim. See Tex. R. App. P. 47.1. We
overrule Perez's fourth issue.

 We affirm the trial courts' judgments in Cause Nos. 13-98-378-CR
and 13-98-366-CR. 



 _______________________________

 LINDA REYNA YAÑEZ

 Justice


Publish.

TEX. R. APP. P. 47.3.


Opinion delivered and filed this

the 10th day of August, 2000.


1. In our cause no. 13-98-378-CR, Perez appeals from a murder conviction
based on a negotiated plea of guilty in trial court cause no. B-97-2122-2-CR-B in the
156th District Court of Bee County, Texas. In our cause no. 13-98-366-CR, he appeals
from revocation of deferred adjudication community supervision on a charge of
burglary of a habitation in trial court cause no. B-93-2020-0-CR-B in the 156th District
Court of Bee County, Texas. 
2. See Tex. Pen. Code Ann. § 30.02 (Vernon Supp. 2000).
3. On the same date Perez was placed on community supervision for the
burglary offense, he was placed on ten years supervision (to run concurrently) for
unauthorized use of a motor vehicle. Several years later, he was placed on two years
community supervision for the offense of driving while intoxicated. The record
reflects that three prior motions to revoke had been filed, alleging, inter alia, failure to
report, failure to pay, and arrests for driving while intoxicated, resisting arrest,
disorderly conduct, and family violence. 
4. See Tex. Pen. Code Ann. § 19.02 (Vernon 1994).
5. Significantly, the judge who presided at Perez's revocation hearing on the
burglary offense, Judge Joel B. Johnson, was the same judge who had presided over
the murder trial of Juan Casas, and thus had heard Perez's testimony in that case. 
The judge who approved the plea agreement and imposed sentence in Perez's murder
case was Judge Ronald M. Yeager, judge of the 36th Judicial District, sitting in the
156th Judicial District of Bee County. 
6. Martha Warner, a prosecutor involved in revoking Perez's community
supervision in the burglary case, had initially represented Perez when he pled guilty
in that case. She later withdrew from the representation following her appointment
to the district attorney's office. 
7. Perez filed identical notices of appeal in Cause Nos. 13-98-378-CR and 13-98-366-CR.
8. As noted, the lawyer who represented Perez at the revocation hearing was
not the same lawyer who represented him in the murder case and now represents
him in this appeal.
9. Because Texas Rule of Appellate Procedure 25.2(b)(3) is only applicable to
defendants who plead guilty or nolo contendere pursuant to a plea agreement, see
Tex. R. App. P. 25.2(b)(3), and because we have determined that no plea agreement
existed with respect to the burglary case, Perez's general notice of appeal is sufficient
to confer jurisdiction in that case.