In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-03-00002-CR


______________________________




JOSE ANGEL BARRAZA, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 123rd Judicial District Court


Panola County, Texas


Trial Court No. 1992-C-197




 




Before Morriss, C.J., Ross and Carter, JJ.


Memorandum Opinion by Justice Carter



MEMORANDUM OPINION



 In 1993, Jose Angel Barraza pled guilty to a felony offense of possession of marihuana. 
Adjudication of guilt was deferred, and Barraza was sentenced to ten years' probation (community
supervision). In September 2002, a motion was filed to proceed with adjudication of guilt, alleging
Barraza had violated several terms of his community supervision. On November 21, 2002, a hearing
was conducted and the trial court adjudicated Barraza guilty of the offense and sentenced him to ten
years' confinement, from which he appeals. 

 The sole issue raised by Barraza on appeal is whether the trial court erred in failing to
conduct a separate punishment hearing. We affirm the judgment of the trial court. 

 The evidence presented at the hearing was from a community supervision officer, Rick
Wilkinson. Wilkinson testified Barraza had failed to comply with several of the conditions of his
sentence. After the State rested, the defense attorney announced he had originally planned to call
Barraza as a witness, but since Wilkinson testified, Barraza decided he would not offer any
testimony. Final arguments were presented. During the closing statement for Barraza, it was argued
that "he's asking this Court to show him leniency, put him back on probation, let him catch
everything up and try to get off his probation." At the conclusion of arguments, the trial court found
Barraza guilty of the offense and assessed punishment at ten years' confinement. The trial court then
asked Barraza, "Do you have anything further to say to the Court?" at which time Barraza explained
he had paid $5,000.00 since being on probation.

 The record is clear there was no separate hearing for the issue of punishment. It appears that
both the State and Barraza treated the hearing as consolidated for both guilt and punishment, because
punishment issues were argued to the court. A separate punishment hearing is required in the
context of the adjudication of guilt in a proceeding revoking deferred adjudication. Issa v. State, 826
S.W.2d 159 (Tex. Crim. App. 1992). In Issa, the Texas Court of Criminal Appeals found that error
was preserved by the filing of a motion for new trial raising the issue. Id. at 161. In this case,
neither an objection nor a motion for new trial was presented complaining of the failure to conduct
a separate punishment hearing. This Court has previously held that, while Issa relaxed the
requirement of a contemporaneous objection, a defendant is still required to bring his or her
complaint to the attention of the trial court in some fashion before error is preserved for review. 
Norman v. State, 844 S.W.2d 903, 904 (Tex. App.-Texarkana 1992, no pet.); Myers v. State, No.
06-98-00155-CR, 1999 Tex. App. LEXIS 1219 (Texarkana Feb. 19, 1999, pet. ref'd) (not designated
for publication). (1) 

 Barraza acknowledges that the issue is not preserved for appeal, but argues that not
conducting a separate punishment hearing "in turn caused Appellant not to be able to request a PSI
[presentence investigation report] . . . ." Barraza does not explain how he was prevented or deprived
of requesting a presentence investigation (PSI) report. We do not see how the failure of the court
to conduct a separate punishment hearing leads to the conclusion Barraza was prevented from
requesting a PSI report. A request for a PSI report may be made as any other motion and does not
require court approval. It is mandatory in all criminal cases to order a PSI report unless one of the
statutory exceptions is satisfied, and in felony cases, no statutory exceptions apply if the defendant
timely requests a PSI report. Whitelaw v. State, 29 S.W.3d 129, 134 (Tex. Crim. App. 2000). 
Therefore, the trial court erred in failing to order a PSI report. However, this Court has previously
held that the error in failing to order a PSI report is waived if the defendant fails to object or bring
the failure to the trial court's attention. Buchanan v. State, 68 S.W.3d 136, 140 (Tex.
App.-Texarkana 2001, no pet.) (citing Summers v. State, 942 S.W.2d 695 (Tex. App.-Houston [14th
Dist.] 1997, no pet.); Wright v. State, 873 S.W.2d 77 (Tex. App.-Dallas 1994, pet. ref'd)). 

 Here, Barraza did not object to the trial court's failure to order a PSI report or bring it to the
trial court's attention either by pretrial or trial motion or by a motion for new trial. Thus, he waived
the complaint. 

 We affirm the judgment of the trial court. 

 


 Jack Carter

 Justice


Date Submitted: August 28, 2003

Date Decided: August 29, 2003


Do Not Publish

 
1. Effective January 1, 2003, unpublished cases may now be cited in documents to the court.
Tex. R. App. P. 47.7. Although an unpublished case still has no precedential value, it can be
persuasive to the court. In a case designated to be published, the Amarillo Court of Appeals suggests
that a reviewing court take guidance from unpublished cases "as an aid in developing reasoning that
may be employed . . . be it similar or different." Carrillo v. State, 98 S.W.3d 789, 794 (Tex.
App.-Amarillo 2003, no pet.).



">Rodriquez v. State, 972 S.W.2d 135, 137 (Tex. App.‒Texarkana 1998), aff'd, 992 S.W.2d 483 (Tex.
Crim. App. 1999). This Court has held that a claim of ineffective assistance of counsel at the hearing
on the motion to adjudicate may not be raised on appeal. Brown v. State, 79 S.W.3d 140, 141 (Tex.
App.‒Texarkana 2002, no pet.); Garcia v. State, 45 S.W.3d 740, 742 (Tex. App.‒Austin 2001, pet.
ref'd); Cooper v. State, 2 S.W.3d 500, 504 (Tex. App.‒Texarkana 1999, pet. ref'd); see Phynes, 828
S.W.2d at 1; Olowosuko v. State, 826 S.W.2d 940, 942 n.1 (Tex. Crim. App. 1992); see also Lowe
v. State, 997 S.W.2d 670, 671-72 (Tex. App.‒Dallas 1999, no pet.). 
            However, Morris may appeal issues related to his sentencing. See Vidaurri v. State, 49
S.W.3d 880, 886 (Tex. Crim. App. 2001); Fluellen v. State, 71 S.W.3d 870, 873 (Tex.
App.‒Texarkana 2002, pet. ref'd). "Article 42.12, § 5(b) expressly allows an appeal of all
proceedings after the adjudication of guilt on the original charge." Rodriquez, 972 S.W.2d at 137-38.
            Morris' first six points of error all concern matters arising from the decision to proceed to
adjudication of guilt concerning the original offense. We have no jurisdiction to consider Morris'
issues one through six.
            In his remaining point of error, Morris argues the trial court erred in failing to hold a hearing
"limited to the determination by the court of whether it proceeds with an adjudication of guilt on the
original charge" and a finding of guilt, under Section 5(b) of Article 42.12 of the Texas Code of
Criminal Procedure. Article 42.12 requires a hearing which must have the "minimum requirements
of due process," including 
written notice of the claimed violations of probation, disclosure to the probationer of
the evidence against him, the opportunity to be heard in person, and by counsel, and
to present witnesses, the right to confront and cross-examine adverse witnesses, a
'neutral and detached' hearing body, and a written statement by the factfinder as to the
evidence relied on and the reasons for revoking probation.

Eldridge v. State, 731 S.W.2d 618, 619 (Tex. App.‒Houston [1st Dist.] 1987, no pet.). The record
indicates that a meaningful hearing was held to determine whether to proceed to an adjudication of
guilt, which included the above minimum requirements of due process.
            Morris cites Issa v. State, 826 S.W.2d 159 (Tex. Crim. App. 1992), in support of his
argument. In Issa, the Texas Court of Criminal Appeals held that a defendant who had received
deferred adjudication was entitled to a separate punishment hearing after adjudication, which can
be preserved by a motion for new trial. Id. at 161. While Issa relaxed the requirement of a
contemporaneous objection, a defendant is still required to bring his or her complaint to the attention
of the trial court in some fashion before error is preserved for review. Norman v. State, 844 S.W.2d
903, 904 (Tex. App.‒Texarkana 1992, no pet.). In this case, Morris introduced punishment evidence
at the hearing and failed to make an objection during the hearing or file a motion for new trial
concerning any failure to conduct a separate punishment hearing. Further, we note the Texas Court
of Criminal Appeals has limited its holding in Issa. See Hardeman v. State, 1 S.W.3d 689, 690 (Tex.
Crim. App. 1999); Pearson v. State, 994 S.W.2d 176, 179 (Tex. Crim. App. 1999). Therefore, we
overrule Morris' remaining point of error.
            We affirm the judgment of the trial court. 
 

                                                                        Jack Carter
                                                                        Justice

Date Submitted:          November 21, 2003
Date Decided:             November 24, 2003

Do Not Publish