NUMBER 13-03-596-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG 
                                                                                                                      

GILBERT ANTHONY REYES,                                                     Appellant,

v.

THE STATE OF TEXAS,                                                             Appellee.
                                                                                                                                      

On appeal from the 24th District Court of Victoria County, Texas.
                                                                                                                      

MEMORANDUM OPINION

Before Justices Yañez, Rodriguez, and Garza
Memorandum Opinion by Justice Yañez
 
          Pursuant to a plea bargain, appellant, Gilbert Anthony Reyes, pled guilty to
aggravated assault.


 The trial court deferred adjudication and imposed ten years of
community supervision, community service restitution, and a fine of $1500. The State
subsequently filed a petition to adjudicate, alleging new crimes and numerous violations
of appellant’s community supervision. Appellant pled “true” to all of the allegations. The
trial court revoked appellant’s community supervision, adjudicated his guilt, and assessed
punishment at seventeen years in the Institutional Division of the Texas Department of
Criminal Justice. In two issues, appellant contends: (1) the statutory prohibition on
appealing a trial court’s determination to adjudicate is unconstitutional; and (2) his plea of
guilty at his original plea proceeding was not made knowingly or voluntarily because he did
not personally waive his right to a presentence investigation report. We dismiss the
appeal.
          As this is a memorandum opinion not designated for publication and the parties are
familiar with the facts, we will not recite them here except as necessary to advise the
parties of the Court’s decision and the basic reasons for it. See Tex. R. App. P. 47.4.
          The record contains the trial court’s certification that the case is not a plea-bargain
case and the defendant has a right to appeal. See Tex. R. App. P. 25.2(a)(2).
          In his first issue, appellant contends that article 42.12, section 5(b) of of the code
of criminal procedure, prohibiting the appeal of a trial court’s determination to adjudicate
guilt, is unconstitutional because it violates his right to equal protection under the
Fourteenth Amendment of the United States Constitution. Appellant argues there is “no
real difference” between adjudication hearings and revocation hearings and that any
distinction between the two categories is “arbitrary, capricious, and unconstitutional.”
          Texas Code of Criminal Procedure article 42.12, section 5(b) expressly denies a
defendant the right to appeal from a trial court’s determination to adjudicate. See Tex.
Code Crim. Proc. Ann. art. 42.12, § 5(b) (Vernon Supp. 2004); Olowosuko v. State, 826
S.W.2d 940, 941-42 (Tex. Crim. App. 1992). Article 42.12, section 5(b) expressly allows,
however, an appeal of all proceedings after the adjudication of guilt on the original charge. 
See Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b) (Vernon Supp. 2004); Olowosuko, 826
S.W.2d at 942. Examples of proceedings after adjudication that may be appealed include
the assessment of punishment and the pronouncement of sentence. Tex. Code Crim.
Proc. Ann. art. 42.12, § 5(b) (Vernon Supp. 2004); Rodriquez v. State, 972 S.W.2d 135,
138 (Tex. App.–Texarkana 1998), aff’d on other grounds, 992 S.W.2d 483 (Tex. Crim. App.
1999).
          Neither the Texas nor the United States Constitution provides a right to appellate
review of criminal convictions. See Phynes v. State, 828 S.W.2d 1, 2 (Tex. Crim. App.
1992) (en banc). The State of Texas, therefore, may properly limit or even deny the right
to appeal a criminal conviction entirely. See id. Thus, when a "legislative enactment says
an accused may not appeal a determination to adjudicate, there is no right to do so." Id. 
Appellant acknowledges that the court of criminal appeals’ holding in Phynes is “adverse
to his position.”
          In Connolly v. State, 983 S.W.2d 738, 741 (Tex. Crim. App. 1999), the court of
criminal appeals noted the long line of cases holding that the plain meaning of article
42.12, section 5(b) prohibits an appellant whose deferred adjudication probation has been
revoked and who has been adjudicated guilty from appealing alleged errors in the
adjudication process. See id. The Connolly court specifically noted that because “the
Legislature has not overturned our interpretation of the statute after all these years, we are
confident that our interpretation is correct.” Id. (citing State v. Hall, 829 S.W.2d 184, 187
(Tex. Crim. App. 1992) (prolonged legislative silence following judicial interpretation of
statute implies approval of interpretation)).
          Regardless of whether we view appellant’s arguments as persuasive, this Court
lacks any authority to disregard the statutory prohibitions contained in article 42.12, section
5(b) of the code of criminal procedure. We overrule appellant’s first issue. 
          In his second issue, appellant contends his plea of guilty at his original plea
proceeding on August 7, 2001 was not made knowingly or voluntarily because he did not
personally waive his right to have a presentence investigation report, but rather, his trial
counsel waived the right on his behalf. 
          If appellant wished to appeal issues arising from the original plea proceeding in an
appeal taken from that proceeding, he must have done so at that time. Manuel v. State,
994 S.W.2d 658, 661-62 (Tex. Crim. App. 1999). Because he waited until his community
supervision had been revoked and his adjudication of guilt formally made, we are without
authority to consider an appeal from the original plea proceeding. Id. at 662. We overrule
appellant’s second issue.   
          Accordingly, we DISMISS the appeal. 

                                                                                                                      
                                                               LINDA REYNA YAÑEZ
                                                                           Justice


Do not publish. Tex. R. App. P. 47.2(b).

Memorandum opinion delivered and filed this the
26th day of August, 2004.