**Scott Kinzie GRIFFIN, Appellant,**

v.

**The STATE of Texas, State.**

**Nos. 2–95–281–CR, 2–95–282–CR.**

Court of Appeals of Texas,
Fort Worth.

Dec. 5, 1996.

---

Bill Loveless, Denton, for relator.

Bruce Isaacks, Criminal District Attorney, Dawn A. Moore and Lisa Decker, Assistant District Attorneys, Denton, and Robert Huttash, State Prosecuting Attorney, Austin, for real party.

Before CAYCE, C.J., and DAY and LIVINGSTON, JJ.

## OPINION

PER CURIAM.

Appellant Scott Kinzie Griffin appeals the revocation of his deferred adjudication probation and a 45-year sentence. Griffin alleges that he received ineffective assistance of counsel at both phases of the adjudication proceeding. Because we do not have jurisdiction over Griffin's complaints, we dismiss the appeal.

Griffin was indicted on two counts of burglary of a habitation. Under a plea bargain agreement, Griffin pleaded guilty to the two indictments and received ten years' deferred adjudication probation. The State filed motions to proceed to adjudication, alleging that Griffin had violated the terms of his probation. After a hearing, the trial court found Griffin to be guilty of the probation violations and sentenced him to 45 years' confinement in each case. Griffin filed a general notice of appeal in both cases.

■ In his sole point of error, Griffin alleges that he received ineffective assistance of counsel at the hearing on the determination of whether the trial court should revoke his probation and proceed to an adjudication of guilt on his original charges. Griffin is statutorily prohibited from complaining on appeal of errors occurring at the hearing on the State's motion to proceed to adjudication. *See* TEX.CODE CRIM.PROC.ANN. art. 42.12, § 5(b) (Vernon Supp.1997) ("The defendant is entitled to a hearing limited to the determination by the court of whether it proceeds with an adjudication of guilt on the original charge. No appeal may be taken from this determination."). Therefore, we do not have jurisdiction to address Griffin's claims of ineffective assistance of counsel at the revocation hearing. *Tillman v. State,* 919 S.W.2d 836, 837–38 (Tex.App.—Fort Worth 1996, pet. ref'd).

■ We also refuse to address Griffin's complaint that he received ineffective assistance of counsel at the sentencing portion of the adjudication hearing because he failed to meet the requirements of TEX.R.APP.P. 40(b)(1).[1] In order to challenge nonjurisdictional error in a plea bargained case, rule 40(b)(1) mandates that the appellant state in his notice of appeal that the trial court granted permission to appeal or specify that the matters that he seeks to appeal were raised by written motion and ruled on before trial. TEX.R.APP.P. 40(b)(1); *Watson v. State,* 924 S.W.2d 711, 712 (Tex.Crim.App.1996). We have previously held that ineffective assistance of counsel is a nonjurisdictional complaint that must be raised in accordance with these requirements. *Torrez v. State,* 925 S.W.2d 361, 362 (Tex.App.—Fort Worth

---

1. Griffin did not claim that his counsel's ineffectiveness rendered his plea involuntary. *See Flowers v. State,* 935 S.W.2d 131, 133–34 (Tex. Crim.App.1996) (holding that issue of whether plea is involuntary may be raised without compliance with rule 40(b)(1)).

1996, no pet.); *see also Fontenot v. State*, 932 S.W.2d 185, 188 (Tex.App.—Fort Worth, no pet. h.) (holding that "but clause" of rule 40(b)(1) applies to right to counsel complaint). Griffin's general notice of appeal fails to state that he secured the trial court's permission to appeal his sentence. As a result, we do not have jurisdiction to hear his complaint that he received ineffective assistance of counsel during the sentencing phase of his revocation hearing.[2]

Accordingly, we dismiss Griffin's point of error and dismiss the appeal for lack of jurisdiction.

---

**2.** The question of whether the requirements of rule 40(b)(1) must be met to raise an ineffective assistance of counsel complaint based on a defective notice of appeal is not before us, and we do not address it here. *See Forcha v. State*, 894 S.W.2d 506, 509 (Tex.App.—Houston [1st Dist.] 1995, no pet.) (holding general notice of appeal is sufficient to raise ineffective assistance complaint based upon defective notice).