NO. 07-99-0404-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

AUGUST 8, 2000

______________________________

PATRICK SOLOMON WILLIAMS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 159
TH
 DISTRICT COURT OF ANGELINA COUNTY;

NO. CR-18836; HONORABLE GERALD A. GOODWIN, JUDGE

_______________________________

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

Pursuant to a guilty plea for aggravated assault, the trial court granted appellant Patrick Solomon Williams
 deferred adjudication and placed him on four years community supervision and assessed a $1,000 fine.  Upon hearing evidence and finding that appellant had violated the terms and conditions of his deferred adjudication, the trial court adjudicated him guilty and assessed punishment at five years confinement.  By two issues, appellant contends the trial court abused its discretion in adjudicating him guilty and revoking community supervision and also argues that this Court should use a 
Clewis
 standard of review for an appeal from a revocation proceeding.  For the reasons herein stated, we must dismiss for want of jurisdiction.

The State contends that we have no jurisdiction to entertain this appeal because (1) no appeal may be taken from the trial court’s determination to adjudicate guilt, and (2) appellant failed to comply with the requirements for appealing from a guilty plea.  
See
 Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b) (Vernon Supp. 2000) 
and
 Tex. R. App. P. 25.2 (b)(3).  We agree.  

Article 42.12, section 5(b) of the Texas Code of Criminal Procedure expressly denies a defendant the right to appeal from a trial court's determination to adjudicate guilt.  Phynes v. State, 828 S.W.2d 1, 2 (Tex.Cr.App. 1992);  Olowosuko v. State, 826 S.W.2d 940, 941-42 (Tex.Cr.App. 1992).  An appeal cannot be had to challenge: (1) the sufficiency of the evidence to support the trial court's adjudication of guilt, (2) a claim of ineffective assistance of counsel at the hearing on the motion to adjudicate, (3) a claim that the conditions of community supervision are too vague, and (4) a claim that a variance exists between the community supervision conditions in the order and those alleged in the motion to adjudicate.  
See
 
Phynes
, 828 S.W.2d at 1, 
and Olowosuko
, 826 S.W.2d at 942.  In addition, Article 42.12, § 5(b) expressly allows an appeal of all proceedings after the adjudication of guilt on the original charge.  
Olowosuko
, 826 S.W.2d at 942.   An appeal may be had to challenge (1) the assessment of punishment, including ineffective assistance of counsel at the punishment hearing, and (2) the pronouncement of sentence.  Tex. Code Crim. Proc. Ann. art. 42.12 § 5(b) (Vernon Supp. 2000); Griffin v. State, 936 S.W.2d 706, 707 (Tex.App.--Fort Worth 1996, no pet.).

Here, appellant merely challenges the sufficiency of the evidence to support the trial court’s decision to adjudicate him guilty and revoke his community supervision.  This challenge is insufficient to provide this Court with jurisdiction to hear this appeal.  Moreover, appellant has failed to comply with the notice requirements for appealing from a plea of guilty as set out in Texas Rule of Appellate Procedure 25.2(b)(3).  Appellant merely filed a general notice of appeal and omitted one of the three notice requirements necessary to perfect his appeal. 
See
 Tex. R. App. P. 25.2(b)(3).  When the requirements of Rule 25.2(b)(3) are not met, we are limited to reviewing only those issues raising jurisdictional defects or challenging the voluntariness of a plea.  Flowers v. State, 935 S.W.2d 131, 134 (Tex.Cr.App. 1996); Vidaurri v. State, 981 S.W.2d 478, 479 (Tex.App.–Amarillo 1998, pet. granted).  Appellant has not raised any jurisdictional challenges nor does he challenge the voluntariness of his original plea.  As such, we are without jurisdiction to consider his attempted appeal.

Accordingly, we dismiss for want of jurisdiction.  

Don H. Reavis

        Justice

Do not publish.