NUMBER 13-00-190-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


___________________________________________________________________


MARC ALAN MASSEY
, Appellant,


v.



THE STATE OF TEXAS
, Appellee.

___________________________________________________________________


On appeal from the 36th District Court


of San Patricio County, Texas.


___________________________________________________________________


O P I N I O N



Before Chief Justice Seerden and Justices Dorsey and

Rodriguez

Opinion by Justice Rodriguez



 Appellant, Marc Alan Massey, pleaded guilty to the second degree
felony offense of indecency with a child.(1) Pursuant to a plea bargain,
the trial court placed Massey on deferred adjudication community
supervision for ten years. The State filed a motion to revoke his
community supervision alleging Massey had violated the terms of his
community supervision by intentionally and knowingly (1)
accompanying a person under the age of eighteen years of age and (2)
going within 1,000 feet of a public or private school or business
intended to service the needs of children under the age of eighteen. 
Massey pleaded "not true" to both counts. After a hearing on the
State's motion to revoke, the trial court found Massey failed to abide by
the terms and conditions of his community supervision. The court
adjudicated Massey guilty on the original charge and sentenced him to
twelve years imprisonment. Massey filed a general notice of appeal. 

 Appellate counsel filed a brief in compliance with Anders v.
California, 386 U.S. 738, 744-45 (1967), and High v. State, 573 S.W.2d
807, 812 (Tex. Crim. App. 1978). The brief concluded that no arguable
error was presented which would support an appeal.(2) Massey filed a
pro se brief after being advised of his right to do so. By five points of
error, Massey generally contends that his substantial rights were
prejudiced during the revocation hearing. 

 In his third point of error, Massey complains that the trial court
erred in admitting "interpreted testimony," including hearsay and
testimony regarding a third person. In Massey's fourth point, he
contends that the conditions of his community supervision were never
properly explained to him, causing his presumption of innocence to be
prejudiced, and rendering his revocation invalid and improper. Both
points complain of errors that occurred in connection with the trial
court's decision to proceed with adjudication.

 The court of criminal appeals has consistently held that no appeal
may be taken from a hearing in which the trial court determines to
proceed with the adjudication of guilt on the original charge. See
Olowosuko v. State, 826 S.W.2d 940, 942 (Tex. Crim. App. 1992)
(citing Williams v. State, 592 S.W.2d 931, 932 (Tex. Crim. App. 1979));
Abdallah v. State, 924 S.W.2d 751, 754-55 (Tex. App.--Fort Worth
1996, pet. ref'd); Leal v. State, 962 S.W.2d 652, 653 (Tex. App.--Corpus
Christi 1998, no pet.); see also Burger v. State, 920 S.W.2d 433, 436
(Tex. App.--Houston [1st Dist.] 1996, pet. ref'd). Further, the availability
of an appeal of this determination is specifically prohibited under the
deferred adjudication provision of the Texas Code of Criminal Procedure. 
See Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b) (Vernon Supp. 2000). 
Article 42.12, section 5(b) provides:

 (b) On violation of a condition of community supervision
imposed under Subsection (a) of this section, the defendant
may be arrested and detained. . . . The defendant is entitled
to a hearing limited to the determination by the court of
whether it proceeds with an adjudication of guilt on the
original charge. No appeal may be taken from this
determination. . . .


Id. (emphasis added). Accordingly, we do not have jurisdiction to
review the trial court's decision to adjudicate Massey's guilt, and
dismiss points of error three and four.

 In points of error one and two, Massey complains of error that
occurred during the punishment phase of the hearing. He contends
that the trial court erred when it admitted testimony regarding
polygraph examinations administered as a condition of his probation,
and when it made comments against Massey.

 The trial court's assessment of punishment is a "proceeding"
following adjudication, and, therefore, his appeal of that assessment is
not barred by article 42.12, section 5(b). See Tex. Code Crim. Proc. Ann.
art. 42.12, § 5(b) (Vernon Supp. 2000) ("After an adjudication of guilt,
all proceedings, including assessment of punishment, pronouncement
of sentence, granting of community supervision, and the defendant's
appeal continue as if the adjudication of guilt had not been deferred. .
. ."); see also Dunn v. State, 997 S.W.2d 885, 890-91 (Tex. App.--Waco
1996, no pet.); Rodriquez v. State, 972 S.W.2d 135, 138 (Tex. App.--Texarkana 1988) aff'd on other grounds, 992 S.W.2d 483, 484 (Tex.
Crim. App. 1999) (noting that proceedings which may be appealed
because they are not barred by article 42.12, section 5(b) include
assessment of punishment, ineffective assistance at punishment
hearing, and pronouncement of sentence). However, an appellant who
has pleaded guilty in exchange for deferred adjudication must comply
with Texas Rule of Appellate Procedure 25.2(b)(3) when he seeks to
appeal a subsequent adjudication and sentencing. See Tex. R. App. P.
25.2(b)(c); Manuel v. State, 994 S.W.2d 658, 660 n.2 (Tex. Crim. App.
1999) (applying former appellate rule 40(b)(1)); Watson v. State 924
S.W.2d 711, 714-15 (Tex. Crim. App. 1996) (same); Vidaurri v. State,
981 S.W.2d 478, 479-80 (Tex. App.--Amarillo 1998, pet. granted) (on
issue of purported failure of trial court to afford defendant punishment
hearing prior to sentencing, court held rule 25.2(b)(3) applied and
general notice of appeal not sufficient to confer jurisdiction); Okigbo v.
State, 960 S.W.2d 923, 925 (Tex. App.--Houston [1st Dist.] 1998, pet.
ref'd) (applying rule 25.2(b)(3)); but see Brunson v. State, 995 S.W.2d
709, 712-13 (Tex. App.--San Antonio 1999, no pet.) (court addressed
sufficiency of separate punishment hearing even though appellant had
not complied with rule 25.2(b)(3)).

 Rule 25.2(b)(3) provides that following an agreed plea of guilty,
and where the punishment does not exceed that recommended by the
prosecutor and agreed to by the defendant, a notice of appeal must
specify that: (1) the appeal is for a jurisdictional defect; (2) the
substance of the appeal was raised by written motion and ruled on
before trial; or (3) state that the trial court granted permission to appeal. 
See Tex. R. App. P. 25.2(b)(3). Massey asserts no jurisdictional defects. 
By pleading guilty, he waived all nonjurisdictional defects other than
those timely raised by written motion and ruled on prior to trial, of
which we find none. Finally, Massey's notice does not set out that the
court granted him permission to appeal.(3) He has not raised one of the
three exceptions identified in rule 25.2(b)(3). Accordingly, this Court
lacks jurisdiction to consider Massey's claims related to the punishment
phase of the hearing. We dismiss points of error one and two.

 By his fifth point or error, Massey alleges he received ineffective
assistance of counsel at both phases of the proceeding. We do not,
however, have jurisdiction to address this point. First, the statutory
prohibition against complaining on appeal of errors occurring at the
hearing on the court's determination to proceed with adjudication, also
prevents us from considering Massey's claims of ineffective assistance
of counsel in connection with that portion of the proceeding. See Tex.
Code Crim. Proc. Ann. art. 42.12, § 5(b) (Vernon Supp. 2000); Phynes
v. State, 828 S.W.2d 1, 2 (Tex. Crim. App. 1992); Griffin v. State, 936
S.W.2d 706, 707 (Tex. App.--Fort Worth 1996, no pet.). Second,
because Massey has not complied with rule 25.2(b)(3), we are
prevented from considering his ineffective assistance of counsel claim
as it relates to the punishment phase of the hearing. See Tex. R. App.
P. 25.2(b)(c); Griffin v. State, 936 S.W.2d 706, 707-08.(4) Massey's fifth
point of error is dismissed.

 Lacking jurisdiction over an appeal, the only action this Court can
take is to dismiss the appeal. See Slaton v. State, 981 S.W.2d 208, 210
(Tex. Crim. App. 1998). Accordingly, we DISMISS this appeal for want
of jurisdiction.

 



 NELDA V. RODRIGUEZ

 Justice


Do not publish.

Tex. R. App. P. 47.3.


Opinion delivered and filed

this the 14th day of December, 2000.

 

1. See Tex. Penal Code Ann. § 21.11 (Vernon Supp. 2000).
2. In accordance with Anders, counsel has requested permission to
withdraw as counsel for Massey. See Anders, 386 U.S. at 744. We
hereby grant Massey's attorney's motion to withdraw.
3. In response to Massey's written request for permission to appeal,
the trial court noted Massey did not need permission. We agree that
Massey would not have needed permission had he raised a
voluntariness issue. Further, he could not have received permission to
appeal adjudication issues because they are not appealable. However,
to the extent Massey must abide by rule 25.2(b)(3) on issues related to
proceedings following adjudication, we disagree with the trial court.
4. Massey does not claim that his counsel's ineffectiveness
rendered his plea involuntary. See Flowers v. State, 935 S.W.2d 131,
134 (Tex. Crim. App. 1996); Marshall v. State, 28 S.W.3rd 634, 638
(Tex. App.--Corpus Christi 2000, no pet.) (not all ineffective assistance
claims impact on voluntariness) (citations omitted).