Affirmed, in Part, and Dismissed, in Part, and Opinion filed May 1, 2003









Affirmed, in Part, and Dismissed, in Part, and Opinion filed May 1, 2003.

 




 
 
 
  
 
 
 




In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-02-00615-CR

____________

 

ANDREW KNIGHT, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 263rd District Court

Harris County, Texas

Trial Court Cause No. 821,622

 



 

O P I N I O N








Appellant, Andrew Knight, was convicted on his guilty plea
for aggravated sexual assault of a child. 
Pursuant to appellant=s plea agreement with the State, the trial court placed
appellant on deferred adjudication probation for a period of ten years.  On April 24, 2002, the State moved to
adjudicate appellant=s guilt.  On June 7,
2002, the trial court adjudicated appellant guilty and sentenced him to
twenty-five years= confinement in the Institutional Division of the Texas
Department of Corrections.  We affirm, in
part, and dismiss, in part.      In his first issue, appellant claims the
trial court erred in failing to determine whether he was competent to stand
trial when it accepted his original guilty plea.  A defendant placed on deferred adjudication
must appeal issues relating to the original plea proceeding when deferred
adjudication is first imposed and cannot appeal such matters after guilt has
been adjudicated.  Vidaurri v. State,
49 S.W.3d 880, 884 (Tex. Crim. App. 2001); Daniels v. State, 30 S.W.3d
407, 408 (Tex. Crim. App. 2000); Manuel v. State, 994 S.W.2d 658, 661B62 (Tex. Crim. App. 1999).  Because appellant cannot now complain of
alleged error in the plea process, his first issue is dismissed for lack of
jurisdiction.  

In his second issue, appellant asserts the trial court erred
in hearing evidence on the State=s motion to adjudicate without taking
his formal plea in violation of his due process rights.  A defendant whose deferred adjudication has
been revoked and who has been adjudicated guilty of the original charge may not
complain of error in the adjudication of guilt on appeal.  Tex.
Code Crim. Proc. Ann. art 42.12, ' 5(b) (Vernon Supp. 2003); Rodriquez
v. State, 992 S.W.2d 483, 484 (Tex. Crim. App. 1999); Connolly v. State,
983 S.W.2d 738, 741 (Tex. Crim. App. 1999). 
Because we lack jurisdiction, appellant=s second issue is dismissed.  

In his third and fourth issues, appellant contends his
sentence of twenty-five years= confinement is cruel and unusual punishment.  The State argues we lack jurisdiction over
this complaint because appellant failed to satisfy the notice requirements of
Texas Rule of Appellate Procedure 25.2(b)(3). 
Tex. R. App. P.
25.2(b)(3).  To invoke an appellate court=s jurisdiction over an appeal, a
defendant must file a proper notice of appeal. 
Woods v. State, 68 S.W.3d 667, 669 (Tex. Crim. App. 2002).  In an appeal from a judgment rendered on a
negotiated plea, the notice of appeal must: 
(1) specify that the appeal is for a jurisdictional defect; (2) specify
that the substance of the appeal was raised by written motion and ruled on
before trial; or (3) state that the trial court granted permission to appeal.  Tex.
R. App. 25.2(b)(3).  Rule
25.2(b)(3)=s notice provisions apply to
defendants who are placed on deferred adjudication probation.  Woods, 68 S.W.3d at 669.








A review of appellant=s notice of appeal shows that it does
not comply with Rule 25.2(b)(3). 
However, when the appellant raises an issue on appeal unrelated to his
conviction, Rule 25.2(b)(3) limitations do not apply.  See Vidaurri, 49 S.W.3d at 885
(holding Rule 25.2(b)(3) limitations do not apply to appellant=s complaint that he was deprived of
separate punishment hearing).  Here,
appellant complains his sentence of twenty-five years= incarceration is cruel and unusual
punishmentCan issue unrelated to his
conviction.  Therefore, we have
jurisdiction over this complaint.

Appellant failed to raise this complaint in the trial court,
thereby waiving this issue on appeal.  Tex. R. App. P. 33.1; Curry v. State,
910 S.W.3d 490, 497 (Tex. Crim. App. 1995). 
In any event, we do not find that appellant=s sentence constitutes cruel and
unusual punishment.  If the punishment
assessed is within the statutorily prescribed limits, it is not cruel and
unusual punishment.  Cooks v. State,
5 S.W.3d 292, 298 (Tex. App.CHouston [14th Dist.] 1999, no pet.).  Aggravated sexual assault of a child is a
first degree felony.  Tex. Pen. Code Ann. ' 22.021 (Vernon 2003).  The punishment range for a first degree
felony is imprisonment for five to 99 years, or life, and assessment of a fine
up to $10,000.  Tex. Pen. Code Ann. ' 12.32 (Vernon 2003).  The trial court assessed appellant=s punishment at 25 years= imprisonment, with no fineCwell below the maximum
punishment.  Appellant=s third and fourth issues are
overruled.

Appellant=s first and second issues are dismissed for lack of
jurisdiction, and the judgment of the trial court is affirmed as to appellant=s third and fourth issues.  

 

 

 

 

/s/        J. Harvey Hudson

Justice

 

 

 

Judgment rendered
and Opinion filed May 1, 2003.

Panel consists of
Justices Yates, Hudson, and Frost.

Do Not Publish C Tex.
R. App. P. 47.2(b).