Opinion issued May 22, 2003





     












In The
Court of Appeals
For The
First District of Texas




NO. 01-02-00514-CR




CLAYTON JOHN TOLIVER, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 337th District Court 
Harris County, Texas
Trial Court Cause No. 871,355




MEMORANDUM OPINION

          Appellant, Clayton John Toliver, challenges his adjudication of guilt for
possession of less than one gram of cocaine. In two points of error, appellant claims
that the trial court erred in “punishing” him for certain violations of his community
supervision. The State argues appellant’s general notice of appeal failed to invoke
this Court’s jurisdiction. 
          We affirm.
Background
          Pursuant to appellant’s plea agreement with the State, the trial court placed
appellant on deferred adjudication community supervision for three years, and
assessed a fine of $350. Appellant did not appeal that ruling. Later, the State moved
to adjudicate guilt. The trial court adjudicated appellant guilty and sentenced him to
two years’ confinement and assessed a $1000 fine. In support of the adjudication, the
trial court found that appellant violated the terms and conditions of his community
supervision by failing to avoid injurious and vicious habits and by failing to pay
certain fees. Appellant filed a “general” notice of appeal.
Jurisdiction
          As a threshold matter, we discuss the State’s contention that we are without
jurisdiction to consider the merits of this appeal under former Rule of Appellate
Procedure 25.2(b)(3).


 Pursuant to the former rule, a defendant who pled guilty or
nolo contendere pursuant to a plea bargain to a felony charge and was sentenced in
accordance with that plea bargain had to comply with the notice provisions of that
rule to perfect his appeal. Former Tex. R. App. P. 25.2(b)(3), 948-949 S.W.2d (Tex.
Cases) XLI, XCVI (Tex. Crim. App. 1997). The former rule required a notice of
appeal filed by such a defendant to (1) specify that the appeal is for a jurisdictional
defect, (2) specify that the substance of the appeal was raised by written motion and
ruled on before trial, or (3) state that the trial court granted permission to appeal. Id. 
When former Rule 25.2(b)(3) applies, the failure of an appellant to follow the rule
deprives this Court of jurisdiction over the appeal. Id.; White v. State, 61 S.W.3d 424,
428-29 (Tex. Crim. App. 2001) (holding that failure to follow former Rule
25.2(b)(3)(A) was jurisdictional). Furthermore, former Rule 25.2(b)(3)’s notice
provisions apply to defendants who are placed on deferred adjudication probation. 
Woods v. State, 68 S.W.3d 667, 669 (Tex. Crim. App. 2002); Vidaurri v. State, 49
S.W.3d 880, 884-85 (Tex. Crim. App. 2001). A review of appellant’s notice of
appeal shows that it does not comply with Rule 25.2(b)(3). However, when an
appellant raises an issue on appeal unrelated to his conviction, former Rule 25.2(b)(3)
limitations do not apply. See Vidaurri, 49 S.W.3d at 885 (holding Rule 25.2(b)(3)
limitations do not apply to appellant’s complaint that he was deprived of separate
punishment hearing). 
          Additionally, a defendant whose deferred adjudication has been revoked and
who has been adjudicated guilty of the original charge may not complain of error in
the adjudication of guilt on appeal. Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b)
(Vernon Supp. 2003); Rodriquez v. State, 992 S.W.2d 483, 484 (Tex. Crim. App.
1999); Connolly v. State, 983 S.W.2d 738, 741 (Tex. Crim. App. 1999). Although we
may not review a trial court’s decision to proceed with an adjudication of guilt on the
original charge, we may consider issues related to the trial court’s assessment of
punishment. See Kirtley v. State, 56 S.W.3d 48, 51-52 (Tex. Crim. App. 2001s).
          In his first point of error, appellant contends that the evidence presented by the
State was insufficient to show that he had engaged in injurious and vicious habits. 
Specifically, appellant complains of the State’s evidence that he had tested positive
for cocaine while on community supervision. As a sub-part of point of error one,
appellant challenges his two-year sentence. Appellant contends that the State argued
that he should be given the maximum sentence based on his continued drug use. 
Appellant complains that, because the evidence of his drug use was insufficient to
support his conviction, it also could not support giving him the maximum sentence.
          In point of error two, appellant contends that the evidence was insufficient to
show that appellant had failed to pay certain fees that were required as conditions of
his community supervision. 
          Although framed in his briefing as complaints about his punishment,
appellant’s complaints regarding the sufficiency of the State’s evidence to prove that
he violated certain conditions of his community supervision are complaints related
to his conviction; therefore, appellant was required to comply with the provisions of
former Rule 25.2(b)(3). Because appellant only filed a general notice of appeal, we
lack jurisdiction over these complaints. 
          In addition, because these complaints are related to appellant’s adjudication of
guilt, we also lack jurisdiction over these complaints based on Code of Criminal
Procedure article 42.12, section 5(b). 
          We have no jurisdiction to consider point of error one to the extent that it
challenges the sufficiency of the evidence to support appellant’s conviction. For
these same reasons, we also have no jurisdiction to consider point of error two. 
Punishment
          We have jurisdiction over appellant’s first point of error to the extent that it can
be construed to complain of the amount of punishment appellant received. Appellant
complains that the State’s evidence and argument related to his drug use
impermissibly caused the trial court to give him the maximum sentence.


 
          After sentence was imposed, appellant made no complaint about punishment. 
Therefore, appellant’s complaint is waived. Tex. R. App .P. 33.1(a)(1)(A). 
          We overrule appellant’s point of error one to the extent that it relates to the
punishment he received.
Conclusion
          We affirm the trial court’s judgment.




                                                             Laura Carter Higley
                                                             Justice

Panel consists of Chief Justice Radack and Justices Alcala and Higley.

Do not publish. Tex. R. App. P. 47.2(b).