NO. 07-07-0122-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JULY 27, 2009
_____

MARK ANTHONY CASTANEDA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 242ND DISTRICT COURT OF HALE COUNTY;

NO. B15951-0503; HONORABLE ED SELF, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant Mark Anthony Castaneda appeals from his adjudication of guilt for the offense of theft and his resulting sentence of confinement in the State Jail Division for a period of two years. Through two points of error, appellant contends he did not waive his right to counsel knowingly and intelligently and was not made aware of the dangers and disadvantages of proceeding *pro se.* We reverse and remand.

Background

In July 2005, appellant, with the assistance of counsel, entered into a plea agreement with the State by which appellant plead guilty to the offense of theft,[1] and was placed on deferred adjudication community supervision.[2] In January 2007, the State filed a motion to proceed with adjudication of guilt. Appellant was arrested on February 9 for driving with a suspended license. On March 12, the State filed an amended motion to proceed with adjudication of guilt, setting forth several violations by appellant of the terms of his community supervision. The violations alleged included the February 9 offense and use of cocaine and alcohol in February 2006, and included allegations appellant failed to report, failed to pay restitution and fees and failed to complete community service. The record contains a February 22 "order to appear" requiring appellant to appear on March 5 to "report on his attorney." There is no reporter's record of the March 5 appearance, but the court's docket sheet contains an entry stating that appellant appeared on that date, and "states he does not want an attorney and wants to represent himself."

A hearing on the amended motion to adjudicate guilt was conducted on March 26. At the outset of the hearing, the following exchange occurred:

---

[1] *See* Tex. Penal Code Ann. § 31.03 (Vernon 2005). This is a state jail felony punishable by confinement in a state jail facility for any term of not more than two years or less than 180 days and a fee of not more than $10,000. Tex. Penal Code Ann. § 31.03(4)(A); Tex. Penal Code Ann. § 12.35 (Vernon 2007).

[2] *See* Tex. Code Crim. Proc. Ann. art. 42.12, § 5 (Vernon 2007).

| Q. (By the Court) | Now, Mr. Castaneda, you wish to represent yourself in the hearing on this matter. Is that correct? |
| --- | --- |
| A. (Appellant) | Yes, Your Honor. |
| Q. | Do you understand that you will be bound by the same rules that a lawyer would be bound by? |
| A. | Yes, Your Honor. |
| Q. | And you still wish to proceed? |
| A. | Yes, Your Honor. |

Appellant then pled true to each of the allegations in the State's motion and the court proceeded to punishment, adjudicating appellant guilty and sentencing him to two years in the State Jail Division of the Texas Department of Criminal Justice. This appeal followed.[3]

## Analysis

Via two points of error, appellant contends: (1) that he did not knowingly and intelligently waive his right to counsel and thus, was denied his constitutional right to the effective assistance of counsel; and (2) appellant was not made aware of the dangers and disadvantages of representing himself to establish that his choice to represent himself was made with "eyes open."

---

[3] Appellant's adjudication of guilt occurred before the effective date of the statutory amendment permitting appeal of adjudications following deferral. *See* Act of May 28, 2007, 80th Leg., R.S., S.B. 909, amending Tex. Code Crim. Proc. Ann. art 42.12, § 5 (Vernon 2006), effective June 1, 2007. We will construe appellant's issues to apply to the assessment of punishment and pronouncement of sentence. *See Rodriguez v. State,* 972 S.W.2d 135138 (Tex.App.–Texarkana 1998, *aff'd on other grounds,* 992 S.W.2d 483 (Tex.Crim.App. 1999)) (recognizing appealability of punishment under former law).

The right to be represented by counsel at a criminal trial is a fundamental right guaranteed by the Sixth Amendment to the United States Constitution. U.S. Const. amend. VI, XIV; *see Faretta v. California*, 422 U.S. 806, 807, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975); *see also Williams v. State,* 252 S.W.3d 353, 355-56 (Tex.Crim.App.2008). The right to counsel applies at a probation revocation hearing. *Hatten v. State,* 71 S.W.3d 332, 333 n.1 (Tex.Crim.App. 2002), *citing Ruedas v. State,* 586 S.W.2d 520 (Tex.Crim.App. 1979). The same right attaches in a hearing on a motion to proceed to final adjudication following a deferred adjudication. *Thompson v. State,* 626 S.W.2d 750, 753 (Tex.Crim.App. 1981).

The Sixth Amendment also contains the reciprocal right to self-representation, but that right does not attach until it is clearly and unequivocally invoked by the defendant. *Faretta*, 422 U.S. at 818-20; *Williams,* 252 S.W.3d at 356. When a defendant asserts the right to represent himself, the trial court must admonish the defendant about the dangers and disadvantages of self-representation. *Faretta*, 422 U.S. at 835 (upon invocation of the right of self-representation, a defendant "should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that 'he knows what he is doing and his choice is made with his eyes open'"); *see* Tex. Code Crim. Proc. Ann. art. 1.051(g) (Vernon Supp.2008) (stating that the court "shall advise the defendant of the nature of the charges against [him] and, if the defendant is proceeding to trial, the dangers and disadvantages of self-representation"). That a defendant represents to the trial court he is informed of his right to counsel, and desires to waive it, does not end the court's responsibility. *Blankenship v. State*, 673 S.W.2d 578, 583 (Tex.Crim.App.1984). Although there is no formula for the required inquiry, the Court of Criminal Appeals has been explicit

4

that proper admonishments concerning *pro se* representation must appear on the record. *See Goffney v. State*, 843 S.W.2d 583, 584-85 (Tex.Crim.App.1992) (*citing Blankenship*, 673 S.W.2d at 583); *see also Hatten*, 71 S.W.3d at 334 (discussing *Goffney*).

The Court of Criminal Appeals has stated the trial judge must inform a defendant desiring to represent himself "that there are technical rules of evidence and procedure, and he will not be granted any special consideration solely because he asserted his *pro se* rights." *Williams*, 252 S.W.3d at 356 (*quoting Johnson v. State*, 760 S.W.2d 277, 279 (Tex.Crim.App.1988)). Here, the trial court's inquiry concerning appellant's self-representation at the revocation hearing included that admonition. But it is the only admonition that appears on the record.

As noted, the trial court brought appellant to the courtroom some three weeks before the revocation hearing for the express purpose of inquiring into his representation by counsel. It is clear to us from the record of the March 26 revocation hearing that the trial court by then was familiar with appellant's decision to represent himself. We are confident the court conducted on March 5 the kind of "penetrating and comprehensive inquiry" into appellant's decision to represent himself that case law requires. *Blankenship,* 673 S.W.2d at 583; *Fulbright v. State,* 41 S.W.3d 228, 234 (Tex.App.–Fort Worth 2001, pet. ref'd). Unfortunately, we do not have a record of that hearing beyond the court's docket sheet entry.

The State relies on the holding of *Hatten*, 71 S.W.3d at 334, distinguishing between defendants who contest their guilt and those who appear without an attorney to plead guilty

or *nolo contendere*. But the Court of Criminal Appeals limited that holding to misdemeanor defendants. *Id*. ("The requirements of *Faretta* are not invoked by a misdemeanor defendant who waives his right to representation by counsel and does not contest his guilt"). We are unable to find an instance in which the distinction has been applied to a felony conviction, and we decline to extend the holding to appellant.

Finding the record does not contain a showing appellant was admonished about the dangers and disadvantages of self-representation before he undertook to represent himself at the hearing on revocation and punishment, we sustain his second issue. Our disposition of the second issue makes unnecessary our consideration of appellant's first issue. We reverse the trial court's judgment as to punishment and remand for punishment proceedings consistent with this opinion.[4]

James T. Campbell
Justice

Do not publish.

---

[4] *See* Tex. Code Crim. Proc. Ann. art. 42.12, § 5 (Vernon 2006) (version in effect at the time of the adjudication of appellant's guilt). *See also* Act of May 28, 2007, 80th Leg., R.S., S.B. 909, amending Tex. Code Crim. Proc. Ann. art. 42.12, § 5 (Vernon 2006), effective June 1, 2007.